IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK E. RICHARDSON,

    Plaintiff,

v.                               Civil Action No. RDB-13-1924

MAYOR AND CITY COUNCIL
OF BALTIMORE,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Mark E. Richardson[1] brought the currently pending action under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, for alleged pollution of the Middle Branch of the Patapsco River from sites located in Baltimore City. Defendant Mayor and City Council of Baltimore ("the City") has filed a Motion to Dismiss (ECF No. 5), which is currently pending before this Court. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). As Richardson lacks standing for the reasons that follow, Defendant Mayor and City Council of Baltimore's Motion to Dismiss (ECF No. 5) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

---

[1] Originally, Edward J. Myers was a co-Plaintiff in this action. However, on October 10, 2013, Myers filed a Notice of Voluntary Dismissal (ECF No. 13). Accordingly, this Court will order the Clerk to re-caption this case as "Mark E. Richardson v. Mayor and City Council of Baltimore."

1

Plaintiff Mark E. Richardson ("Richardson") is a resident of Baltimore City, Maryland. Pl.'s Compl. ¶ 12. Richardson alleges that he "live[s] near the Middle Branch of the Patapsco River" and "regularly use[s] and recreate[s] on and around the River and desire[s] to do so in the future." *Id.* ¶ 13. Defendant Mayor and City Council of Baltimore ("the City") owns property ("the Site") located adjacent to the Middle Branch of the Patapsco River.[2] *Id.* at 14.

The gravamen of Richardson's Complaint is that the City is violating the Clean Water Act by discharging pollutants from the Site into the Middle Branch of the Patapsco River. Specifically, Richardson alleges that the Site was contaminated by past industrial uses, which resulted in the accumulation of pollutants such as "heavy metals, semi-volatile organic compounds, petroleum compounds, and volatile organize compounds." *Id.* ¶¶ 26-27. According to the Complaint, groundwater flowing through the Site becomes polluted by these contaminants in the soil. *Id.* ¶¶ 28-29. That polluted groundwater then purportedly follows a "preferred pathway" along the outside of a 42-inch storm drainage pipe located under the Site and empties into the River. *Id.* ¶¶ 31-32. In addition, the Complaint alleges that pipes under the Site "more likely than not contain[] gaps, cracks, and holes that have developed over time." *Id.* ¶ 33. These apertures allegedly allow contaminated groundwater to enter the pipes and to be discharged directly into the River. *Id.*

On April 19, 2013, Richardson provided notice of his intent to sue to the City, Robert Summers, secretary of the Maryland Department of Environment, and Stephen Field of the United States Environmental Protection Agency. *Id.* ¶ 7. Richardson then filed this

---

[2] The specific plots referenced in the Complaint include 1501, 1525, and 1551 Russell Street; 1501, 1601, 1629, 1633, and 1645 Warner Street; 2119 Haines Street; 2104 Worcester Street; and 2102 Oler Street.

action against the City on July 2, 2013. *See generally id.* On August 28, 2013, the City moved to dismiss the suit for lack of standing and other independent grounds.[3]

STANDARD OF REVIEW

I. **Rule 12(b)(1)**

When a defendant moves to dismiss a plaintiff's claim for lack of standing, courts commonly address the motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Payne v. Chapel Hill North Properties, LLC*, 947 F. Supp. 2d 567 (M.D.N.C. 2013) ("Generally, challenges to standing are addressed under Rule 12(b)(1) for lack of subject matter jurisdiction."); *see also Nat'l Alliance for Accessibility, Inc. v. Rite Aid of N. Carolina, Inc.*, 1:10CV932, 2011 WL 4499294 (M.D.N.C. Sept. 27, 2011) ("Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint, including by challenging a plaintiff's standing."); *Food & Water Watch v. United States Envtl. Prot. Agency*, CV 12-1639(RC), 2013 WL 6513826, at *5 (D.D.C. Dec. 13, 2013) ("[A] motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the defect of standing is a defect in subject matter jurisdiction." (internal quotation marks omitted)).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought

---

[3] Specifically, the City argued that Richardson failed to provide adequate notice of his intent to sue, thereby failing to satisfy a mandatory condition-precedent for suit under the Clean Water Act. *See* Def.'s Mem. Supp. Mot. Dismiss, at 11-13, ECF No. 5-1. In addition, the City argued Richardson had failed to plead adequate factual allegations to support a plausible claim and to identify a point source for purposes of the Clean Water Act. *See id.* at 14, 17. Finally, the City asserted that it was shielded from liability by its National Pollutant Discharge Elimination System ("NPDES") permit for its municipal separate storm sewer system and the inclusion of the Site in the Maryland Voluntary Cleanup Program, Md. Code Envir. § 7-503. *See id.* at 15-16, 18. Because this Court finds that Richardson lacks standing to sue, this memorandum opinion need not address these arguments.

by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Where the challenge is factual, the district court may look beyond the pleadings and "decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) ("[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

**II.    Rule 12(b)(6)**

Where, as here,[4] a party makes a facial challenge to the district court's jurisdiction pursuant to Rule 12(b)(1), the district court evaluates the jurisdictional allegations under the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6)

---

[4] The Court's analysis on this point can be found *infra* pp. 6-7.

4

authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012).

ANALYSIS

Under Article III of the United States Constitution, federal courts may only adjudicate "actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). The

5

doctrine of standing is designed to give effect to this requirement by "ensur[ing] that a plaintiff has a sufficient personal stake in a dispute to render judicial resolution appropriate." *Catawba Riverkeeper Foundation, Inc. v. South Carolina Electric and Gas Co.*, No. 3:12-cv-124-JFA, 2012 WL 1963606, at *1 (D.S.C. May 31, 2012). In order to establish standing to sue, the plaintiff must demonstrate three basic elements: (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "fairly traceable" to the defendant's challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). When assessing standing before a federal court, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Moreover, "an individual also must satisfy any applicable statutory requirements for standing" above and beyond the constitutional requirements. *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011). Under the Clean Water Act, a Plaintiff who satisfies the constitutional standards also satisfies the Act's requirement that the plaintiff "hav[e] an interest which is or may be adversely affected." *Id.* at 396.

In this case, the City challenges Richardson's standing in a Motion to Dismiss pursuant to Rule 12(b)(1). The City has not challenged the veracity of Richardson's allegations with respect to standing, but instead argues only that his allegations are inadequate to establish the jurisdiction of this Court. As such, the City's Motion raises a facial challenge, and this Court will determine whether the allegations in the Complaint, when taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly*. *See Davis*, 367 F. Supp. 2d at 799; *Zander v. U.S.*, 786 F. Supp. 2d

880, 883 (D. Md. 2011) (applying *Iqbal/Twombly* standard to motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)); *see also Kerns*, 585 F.3d at 192.

The City's main contention relates to the first standing prong—i.e., the injury to Richardson. Under the established injury in fact requirements for environmental plaintiffs, Richardson need not "show environmental harm"; rather, he must merely allege "a direct nexus" between himself and the "area of environmental impairment." *Gaston*, 629 F.3d at 394-95. Specifically, he must allege that he "use[s] the affected area" (rather than an area "roughly in the vicinity") and is a person "for whom the aesthetic and recreational values of the area will be lessened by the challenged activity." *Id.* at 397 (internal quotation marks omitted); *see also EarthReports, Inc. v. U.S. Army Corps of Engineers*, No. 8:10-cv-1834-AW, 2011 WL 4480105, at *4 (D. Md. Sept. 26, 2011) ("To establish an imminent threatened or future injury to his/her use of an area, a plaintiff must assert concrete plans to use the area rather than a vague, 'some day' desire to use the area.").

Even when all inferences are drawn in Richardson's favor, his allegations fail to adequately allege an injury in fact. Richardson's sole allegation with respect to injury is as follows:

> The Plaintiffs live near the Middle Branch of the Patapsco River (the "River"). They regularly use and recreate on and around the River and desire to do so in the future. The quality of the River and the water system of which it is a part directly affects the agricultural, health, recreational, aesthetic, property, and/or environmental interests of the Plaintiffs.

Pl.'s Compl. ¶ 13. These vague allegations fail to establish a threat of imminent harm to Richardson. The Complaint specifies neither the nature nor type of planned use. Instead,

7

his Complaint contains only conclusory language pertaining to the elements of standing.[5] *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, Richardson's identification of the "Middle Branch of the Patapsco River" does not demonstrate the requisite nexus between himself and the area of environmental impairment. Specifically, because Richardson fails to specify how or where he plans to "use" and "recreate on" the River, there is no way for this Court to determine whether Richardson uses the area of the River downstream from the City's alleged discharge (presumably an "affected area") or part of the River that is upstream of the discharge and therefore unaffected environmentally (an area "roughly in the vicinity"). *See Gaston*, 629 F.3d at 397 ("[A] plaintiff claiming injury from environmental damage must use the area affected by the challenged activity and not an area roughly in the vicinity of it." (internal quotation marks omitted)). Accordingly, Richardson has failed to make factual allegations demonstrating a direct nexus with the area of impairment. As such, Richardson's Complaint must be dismissed for lack of standing.

As noted above, because this Court lacks jurisdiction, it need not address the other arguments raised by the City in its Motion to Dismiss.

## CONCLUSION

---

[5] This Court notes that many of the factually analogous cases from the Fourth Circuit have been decided on a different procedural posture—i.e., summary judgment after the creation of some evidentiary record. As such, those cases involved greater specificity with respect to the plaintiffs' use. *See, e.g., Gaston*, 629 F.3d at 397; *EarthReports*, 2011 WL 4480105, at *4-6. Although such specificity is of course not necessary on a motion to dismiss, the "threadbare recitals" of Richardson's Complaint fall far short of plausible factual allegations supporting jurisdiction. If Richardson subsequently files another complaint, development of an evidentiary record may be necessary to determine this Court's jurisdiction before reaching the merits.

For the reasons stated above, Defendant Mayor and City Council of Baltimore's Motion to Dismiss (ECF No. 5) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: January 7, 2014 _____/s/_____
Richard D. Bennett
United States District Judge